CAROL S. LARSEN, Plaintiff-Appellee, *v.* WILLIAM R. LARSEN, Defendant-Appellant.

Third District   No. 3—83—0622

Opinion filed August 17, 1984.

James Bambrick, of Bambrick & Bambrick, P.C., of Lemont, for appellant.

Richard B. Orloff, of Joliet, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The defendant-appellant, William R. Larsen, and the plaintiff-appellee, Carol S. Larsen, were divorced on October 21, 1977. They had one child, a daughter, Christian. The divorce decree, which incorpo-

rated a property settlement agreement between the parties, provided that William would be responsible for his daughter's four-year undergraduate education based on his ability to pay and other statutory requirements. On August 11, 1983, the circuit court of Will County ordered William to contribute $6,000 toward his daughter's college expenses for the 1983-84 school year. The court reserved for future consideration the issue of contribution for subsequent years. William appeals.

William's first contention is that the trial court abused its discretion in requiring him to contribute $6,000 toward his daughter's college expenses, since it only considered his financial resources and not the financial resources of his former wife, Carol. We disagree.

Section 513 of the Illinois Marriage and Dissolution of Marriage Act (IMDMA) states that a trial court may provide for the education and maintenance of a child out of the property and income of either or both of the child's parents as equity may require. In making such awards, the court shall consider all relevant factors, including: the financial resources of both parents, the standard of living the child would have enjoyed had the marriage not been dissolved, and the financial resources of the child. Ill. Rev. Stat. 1983, ch. 40, par. 513.

In the instant case, specific responsibilities were created regarding Christian's college expenses when the parties entered into the separation agreement which was later incorporated into the divorce decree. This is not a situation where the trial court was faced with the question of college expenses for the first time after the divorce decree was entered. We agree with the trial court that the clear intent of the divorce decree was that William would bear the burden of his daughter's college expenses if he was financially able to do so. While it is true that no direct testimony was presented regarding Carol's financial resources, the court stated that it need not consider the financial resources of both parents (section 513(a)), because the decree provided that William should be responsible for the expenses.

■ We find that the trial court did not abuse its discretion in ordering William to pay $6,000 toward his daughter's first year of college without directly receiving testimony regarding Carol's finances. Section 513 specifically states that the court may provide for a child's education and maintenance out of the property and income of *either* or both of the child's parents. Where, as here, the obligation to provide for a child's college expenses is included in a property settlement agreement which is later incorporated in a divorce decree, that obligation is said to be even more definite and obligatory. *Sovey v. Sovey* (1975), 30 Ill. App. 3d 690, 692, 333 N.E.2d 299, 301.

William's second contention is that it was against the manifest weight of the evidence for the trial court to conclude that he had sufficient property and income to contribute $6,000 toward his daughter's first year of college. We disagree.

Section 513 of the IMDMA states that the court may provide for the education and maintenance of a child out of the *property and income* of either or both of the child's parents as equity may require. The record indicates that William and Carol owned a house and property valued at approximately $200,000, of which William was awarded 50%. In addition, William and his present wife own real estate with a net equity of about $40,000; he has stock in a restaurant in which he invested $20,000; and he owns a construction company. On the other hand, William had outstanding loans of $55,000, was personally liable on a $30,000 loan to his construction company, and the company reported a loss of $8,000 in 1983.

■ We find that it was not against the manifest weight of the evidence for the trial court to conclude that William had sufficient property and income to contribute $6,000 toward his daughter's first year of college.

William's third contention is that the trial court erred in not ordering his daughter, Christian, to spend her personal funds to help defray the costs of her college education. We disagree.

■ Apparently, as of August 11, 1983, Christian had a joint account with Carol with a balance of $10,300. Christian was the sole beneficiary of a trust account with a balance of $7,068, and she had another trust account with a balance of $850. However, children of divorced parents are not required as a matter of law to spend their own funds in obtaining a college education. Rather, the extent of a child's contribution is left to the trial court's discretion after it has considered the property, income, and responsibilities of the parents and child. (*Flatley v. Flatley* (1976), 42 Ill. App. 3d 494, 497, 356 N.E.2d 155, 159.) More importantly, the trial court instructed Christian to apply $1,200, which she had earned working at McDonalds, toward her college expenses for the 1983-1984 school year.

For the foregoing reasons, the order of the circuit court of Will County is affirmed.

Affirmed.

ALLOY, P.J., and STOUDER, J., concur.