JENNIFER ORR, Petitioner-Appellant, v. CHARLES ORR, Respondent-Appellee.

First District (5th Division)   No. 1—90—3030

Opinion filed April 10, 1992.

Robert J. Ralis and Hubbart & Cowell, both of Chicago, for appellant.

Lucas, Murphy, Kerwin & Coffey, of Chicago, for appellee.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

This action was brought by plaintiff Jennifer Orr to compel her father, Charles Orr, to provide her with certain college expenses pursuant to his property settlement agreement incorporated into the judgment of divorce. The trial court dismissed plaintiff's action finding that plaintiff lacked standing to sue. Plaintiff appeals.

The marriage of Judy Orr and defendant Charles Orr was dissolved by a judgment of divorce entered by the circuit court of Cook County on June 18, 1970. The judgment incorporated an agreement which stated, in relevant part:

"EDUCATIONAL EXPENSES OF THE CHILDREN

1. Husband desires that the minor children shall attend a college or professional school and he agrees to participate in the financial responsibility for said education. By 'college and professional school education expenses of the children' there is meant and included, but not by way of limitation tuition, books, supplies, registration and required fees, board and lod[g]ing,

and round trip transportation expenses only between regular school semesters.

   2. Husband's obligation is conditioned upon the following:

      a) The children have at that time the desire and aptitude for a college or professional school education;

      b) The college education is limited to four consecutive years after graduation from high school, except the time shall be extended in the case of serious illness and the professional school education is limited to two consecutive years after graduation f[r]om high school, except the time shall be extended in case of serious illness or in the event the professional school extends for a required period beyond two years.

      c) Husband has the fin[a]ncial ability to pay such college or professional school expenses."

At the time the judgment for divorce was entered into, Judy and Charles' daughter, Jennifer, was a minor.

In 1990, Jennifer, then an adult, filed a petition in the circuit court of Cook County against her father in order to enforce her right to certain college expenses pursuant to the settlement agreement incorporated in the judgment for divorce. The trial court dismissed the action, finding that Jennifer, "as the adult child of the parties to this proceeding does not have standing to seek the relief sought in the petition." This appeal followed.

The sole issue on appeal is whether a child of divorced parents has standing to enforce a provision in her parents' judgment for divorce that obligates the father to provide for the child's educational expenses. In the First District Appellate Court case *Miller v. Miller* (1987), 163 Ill. App. 3d 602, 612, 516 N.E.2d 837, 844, a child of divorced parents brought suit against his father to enforce a settlement agreement incorporated into the divorce decree which obligated the father to pay the child's college expenses. The father argued that the child lacked standing to enforce the terms of the divorce decree. The court disagreed, finding that the son, as the third party who is the direct beneficiary of the contract, had standing to enforce the obligations for his benefit incurred under that contract. In reaching the decision that the child had standing as a third-party beneficiary, the court found the following three factors controlling: (1) it must be clear from the contract that the parties to the contract intended the third party to benefit; (2) the benefit of the agreement is direct to the third party and the liability of the promisor affirmatively appears from the language of the agreement; and (3) the third party must have relied on the father's promise in the agreement to pay his college expenses.

In *Miller* the father expressly agreed in the divorce agreement that he would undertake the obligation to pay for the child's college expenses. The court found that the benefit of the agreement, payment of the son's college tuition and expenses, was direct to the son, the third person. In addition, the child relied on the father's promise in the agreement to pay his college expenses by enrolling in and graduating from college. The court therefore held that the child as a direct third-party beneficiary to his parents' agreement had standing to seek a court order compelling the father to comply with the agreement to pay the son's college expenses.

Defendant relies on several cases which hold that a child does not have standing to enforce a provision of his parents' divorce decree. In the third district case *Miller v. Miller* (1987), 160 Ill. App. 3d 354, 513 N.E.2d 605, the child sought a court order requiring his parents to pay his college expenses. The divorce decree contained no provision requiring either or both parents to fund the child's college education. The child filed his complaint against his parents pursuant to section 513 of the Illinois Marriage and Dissolution of Marriage Act (Act), which states in pertinent part:

"Support for Non-minor Children and Educational Expenses. *** The Court also may make such provision for the education and maintenance of the child or children, whether of minor or majority age, out of the property and income of either or both of its parents as equity may require, whether application is made therefor before or after such child has, or children have, attained majority age. In making such awards, the court shall consider all relevant factors which shall appear reasonable and necessary, including:

(a) The financial resources of both parents.

(b) The standard of living the child would have enjoyed had the marriage not been dissolved.

(c) The financial resources of the child." Ill. Rev. Stat. 1985, ch. 40, par. 513.

The court agreed with the parents' argument that their son lacked standing to bring this action in his own name, finding that the Act creates no right in a child to directly petition the court for benefits which are potentially available under the provisions of the Act. The third district's *Miller* differs from the instant case (and is more similar to the first district's *Miller*) as it does not contain a settlement agreement and the divorce decree does not mention the child's college expenses. Accordingly, the plaintiff did not seek to enforce any obligations which flowed to him as a third-party beneficiary.

Defendant next relies on *In re Marriage of Garrison* (1981), 99 Ill. App. 3d 717, 425 N.E.2d 518, a second district case, wherein the parents' divorce decree awarded the wife the marital residence but also provided that if the residence is sold, the wife shall set up a trust for the benefit of the parties' child. When the wife did sell the property, she failed to create a trust for the child's benefit. The child filed a petition to compel her to do so. The court dismissed the child's petition, finding that he lacked standing to seek enforcement of the provision of the judgment for divorce to which he was not a party. This case is also distinguishable from ours in light of the fact that the child did not allege a third-party beneficiary contract action, nor submit any evidence to the trial court in support of this theory. Rather, the child only brought his action pursuant to the Illinois Marriage and Dissolution of Marriage Act.

We also find unpersuasive the first district case *Kelleher v. Kelleher* (1974), 21 Ill. App. 3d 601, 316 N.E.2d 212. In *Kelleher*, decided under the former divorce act (Ill. Rev. Stat. 1975, ch. 40, par. 1 *et seq.*), the minor petitioned the court to compel his father to pay past-due child support. The court found no provision in the divorce act authorizing support payments to be made directly to the child and thus concluded that since the child was furnished support by other persons, the child had no standing to sue his father for past-due support. While in *Kelleher* the child sought to recover past-due support payments, which are benefits that flow directly to the custodial spouse and indirectly to the minor child, the benefits in the instant case flow directly to the adult child.

Accordingly, we decline to follow the holdings in the third district's *Miller* case, *Garrison* and *Kelleher* and instead follow the reasoning in the first district's *Miller* case, that an adult child of divorced parents has standing to enforce the educational provision of the divorce decree on the basis that he or she is a third-party beneficiary. "The rule is well established that where a person makes a promise to another, based upon a valid consideration, for the benefit of a third person, such third person may maintain an action on the contract." (*Joslyn v. Joslyn* (1944), 386 Ill. 387, 400, 54 N.E.2d 475, 481.) Moreover, children who are beneficiaries under a contract entered into by their parents have standing to bring suit against their father to compel his compliance with the contract terms. *Joslyn*, 386 Ill. 387, 54 N.E.2d 475.

We note that in the first district's *Miller*, there was present the aggravating factor of fraud on the part of both parents to bargain away the rights of the child. Although there is no allegation of fraud

here, we do not find that fact dispositive since the critical inquiry is whether the criteria necessary to confer third-party status have been met. The record here demonstrates that plaintiff is a third-party beneficiary in her parents' judgment for divorce, thereby giving her standing to petition the court to compel her father to provide for her college expenses. The father's intent to benefit plaintiff by paying her educational expenses is apparent from the terms of the settlement agreement. The agreement expressly provides that the father will pay the educational expenses of the "children," and plaintiff is one of the father's two children born to the marriage. (See *Weil, Freiburg & Thomas, P.C. v. Sara Lee Corp.* (1991), 218 Ill. App. 3d 383, 577 N.E.2d 1344 (the contract need not specifically name a third-party beneficiary if it adequately defines a class of individual beneficiaries).) Moreover, the obligation which the defendant undertook was affirmatively stated in the following way: "Husband desires that the minor children shall attend a college or professional school and he agrees to participate in the financial responsibility for said education." (See *Larsen v. Larsen* (1984), 126 Ill. App. 3d 1072, 468 N.E.2d 165 (where the obligation to provide for a child's college expenses is included in a property settlement agreement which is later incorporated in a divorce decree, that obligation is even more definite and obligatory).) We also find that because plaintiff is the child of the divorced parents and is seeking to enforce benefits conferred upon her directly by the settlement agreement, she is a direct beneficiary of her parents' divorce agreement. Finally, the record provides us with enough evidence from which to conclude that plaintiff relied upon the benefits of the settlement agreement by enrolling in college.

For the reasons set forth above, the order of the circuit court of Cook County dismissing plaintiff's petition is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LORENZ and GORDON, JJ., concur.