*In re* MARRIAGE OF MICHAEL J. KOENIGSKNECHT, Petitioner-Appellant, and LAURA OSWALD KOENIGSKNECHT, Respondent-Appellee.

First District (1st Division)    No. 1—97—4196

Opinion filed December 21, 1998.

GALLAGHER, J., dissenting.

Michael J. Koenigsknecht, of Gardner, Carton & Douglas, of Chicago, appellant *pro se.*

George N. Vurdelja, Jr., of Vurdelja & Heaphy, of Chicago, for appellee.

JUSTICE TULLY delivered the opinion of the court:

Petitioner, Michael J. Koenigsknecht, and respondent, Laura Oswald Koenigsknecht, were awarded a judgment of dissolution of marriage in July 1993. The judgment awarded respondent maintenance and child support. In December 1996, respondent filed a petition to extend the maintenance and to increase the child support. On August 5, 1997, following a hearing, the circuit court decreased the amount of maintenance and extended it two years and increased the amount of

child support. Petitioner appeals the August 5, 1997, judgment pursuant to Supreme Court Rule 301 (155 Ill. 2d R. 301).

For the reasons that follow, we affirm in part and reverse in part.

In the judgment of dissolution of marriage, the circuit court made the following findings. The parties were lawfully married in 1977 and had two children, who were born in 1981 and 1984. Petitioner's net income was $160,000 per year, with an average of between $13,000 and $14,000 per month. "A substantial portion of the marital estate" was "spent in the prosecution of and the defense of the parties' preoccupation in obtaining custody of the two children and the creation of an artificial life style [sic]." Before the divorce action was filed, the parties spent $5,000 per month to maintain the household and spent additional money on vacations, education, and improvements in the marital residence. The $5,000 monthly amount was a reasonable amount to maintain the parties' lifestyle at the time of the separation and remained "a reasonable sum necessary for the Respondent to maintain a lifestyle for herself and the children." The court also found that respondent "made a decision to be the custodial parent and child care provider at the expense of the furtherance of her career." Finally, the court found that "based upon the lifestyle created by the parties prior to their separation that fact warrants a deviation from the statutory application of [the] 25% guideline support as would otherwise be mandated by Section 505."

At the conclusion of the court's findings, it awarded custody of the children to respondent. Furthermore, the trial court ordered petitioner to pay $2,500 per month in child support and $2,500 per month in maintenance. The court also ordered that the maintenance award would terminate after four years unless a petition to extend was filed within six months of the date of termination. As a result of the order, respondent received approximately $450,000 from the sale of the marital home, petitioner's pension plan, and petitioner's investments.

In December 1996, respondent filed a petition to extend the maintenance and to increase the child support. Following a hearing, the circuit court reduced the maintenance amount from $2,500 per month to $1,200 per month and extended the maintenance for two years. In addition, the court increased the child support from $2,500 per month to $3,145 per month, equaling the statutory guideline of 25% of petitioner's net monthly income, which was $12,580 at the time of the hearing. The evidence at the hearing showed that petitioner had remarried and had another child. In addition, petitioner and his current wife owned an apartment building, which they managed. He testified that his family was required to live on his law firm monthly draws. According to petitioner, the amount was inadequate and

required him to borrow money each year until he received his year-end check from his law firm. Respondent held a Ph.D. in French and had earned no more than $24,000 in one year in a teaching position. At the time of the divorce, respondent was a full-time homemaker with no "apparent income." Since the divorce, respondent spent money in order to find employment. Respondent started a business which produced almost no income. Respondent also applied for jobs with advertising agencies and marketing firms and applied for teaching positions. However, respondent received no job offers.

The circuit court found that respondent's efforts in finding employment "were not commensurate with her education and her abilities." In addition, the court stated "the situation is one where [respondent's] efforts after these four years have almost created a situation where *** it would almost be better off if she were not working if you consider only the amount of income that it has left after taxes and expenses and so on." It also stated that the court, "in its discretion feels that with two minor children still at home living with the mother, that it's in the best interests of the family unit and considering all other factors that some fashion of maintenance be maintained." The court further stated that "hopefully in the next two years, [respondent] will be able to get closer [to], if not totally achieve[,] financial independence." Therefore, the court reduced the maintenance amount and made it reviewable in two years. Regarding the child support, the court found:

> "[T]he expenses that both parties claim, even though both parties' expenses may be exaggerated to some degree, *** they now suggest that the children would enjoy a different standard of living had the marriage not been dissolved; and it's on that basis that the Court finds that that very fact is the substantial change in circumstances, and the Court finds further that it sees no reason not to conform to the statutory guidelines. Therefore, considering [petitioner's] net income to be fairly calculated at $150,978 per year or $12,815 per month, child support will be increased to $3,145 monthly or roughly equivalent to the statutory guidelines."

On appeal, petitioner contends that the trial court erred in: (1) finding a substantial change in circumstances and increasing the child support from $2,500 to $3,125 per month; (2) extending the maintenance; and (3) making the maintenance reviewable in two years.

■ Section 510(a) of the Illinois Marriage and Dissolution of Marriage Act provides that an award of maintenance or support can be modified "only upon a showing of a substantial change in circumstances." 750 ILCS 5/510(a) (West 1996). The burden of demonstrating a substantial change in circumstances is on the party seeking the

modification. 750 ILCS 5/510(a) (West 1996); *In re Marriage of Krupp*, 207 Ill. App. 3d 779, 566 N.E.2d 429 (1990). The decision to modify an award of maintenance or support is within the discretion of the trial court, and a court of review will not disturb such an order absent an abuse of such discretion. See *In re Marriage of Carpel*, 232 Ill. App. 3d 806, 597 N.E.2d 847 (1992); see also *Krupp*, 207 Ill. App. 3d at 798, 566 N.E.2d at 440. The statutory guidelines for determining child support for two children allow a court to award 25% of the supporting party's net income. 750 ILCS 5/505(a)(1) (West 1996).

■ In determining whether a substantial change in circumstances occurred that would support a modification of child support, the relevant factors include, but are not limited to, the children's financial resources, the custodial parent's financial resources and needs, the standard of living the children would have enjoyed had the marriage not been dissolved, the children's physical and emotional conditions and educational needs, and the noncustodial parent's financial condition and needs. *In re Marriage of Lambdin*, 245 Ill. App. 3d 797, 613 N.E.2d 1381 (1993).

■ The factors to consider when modifying maintenance due to a substantial change in circumstances include the standard of living created during the marriage, the seeking party's financial resources, the ability of the other spouse to pay, the parties' needs, the parties' ages and physical conditions, and the seeking party's contributions and services to the other party's education, training, career or career potential. *In re Marriage of Kocher*, 282 Ill. App. 3d 655, 668 N.E.2d 651 (1996). "A spouse cannot use self-imposed poverty as a basis for claiming maintenance when he [or she] has the means of earning more income." *In re Marriage of Schuster*, 224 Ill. App. 3d 958, 970, 586 N.E.2d 1345, 1353 (1992).

■ Petitioner first argues that the circuit court erred in finding a substantial change in circumstances and in increasing the child support. The original amount of child support was below the 25% statutory guideline. The court found that both parties' expenses showed that the children would have enjoyed a different standard of living had the marriage not been dissolved and that that fact constituted a substantial change in circumstances. The change in the standard of living was one of the appropriate factors for the court to consider. Accordingly, we do not find that the circuit court abused its discretion in modifying the child support, especially considering that the modified amount was raised to conform to the statutory guidelines.

■ Petitioner also argues that the circuit court erred in extending the maintenance and making it reviewable in two years. "An award of maintenance to a spouse capable of improving his [or her] income can

be an abuse of discretion." *Schuster,* 224 Ill. App. 3d at 970, 586 N.E.2d at 1353. "An abuse of discretion occurs only when no reasonable person could find as the trial court did." *In re Marriage of Ward,* 267 Ill. App. 3d 35, 41, 641 N.E.2d 879, 883 (1994). After carefully reviewing the record, we conclude that no reasonable person could find as the trial court did in this case. The court found that respondent's job-search efforts were not commensurate with her education and experience, but also found that the standard of living had changed from the one the parties had had during the marriage. It also considered the parties' ages, physical conditions and financial resources. The court also considered the fact that the minor children were still living at home with respondent and found it in the family's best interests to award respondent some maintenance while she continued with her job search. Nevertheless, the extension of maintenance constituted an abuse of discretion in light of the court's finding that respondent's job searching efforts were insufficient.

The appellate court in *Ward* reached a similar result. In *Ward,* the respondent had a bachelor's degree in economics and philosophy and an MBA. The respondent had worked in the past, and the appellate court found no reason for her inability to find employment. Although the respondent started her own business, it was losing money. The respondent believed that her business would be profitable in the future. However, the trial court terminated the respondent's maintenance award after 18 months. The respondent appealed the termination, and the appellate court affirmed, stating that "[a]fter reviewing the record, and in light of [the respondent's] educational background, work experience, and ongoing business enterprise, we hold that a reasonable person could decide that a maintenance award of $1,000 a month for 18 months was sufficient." 267 Ill. App. 3d at 42. According to the appellate court, the petitioner was not required to provide maintenance until the respondent's business succeeded; he was only required to pay it until the respondent was able to support herself.

In this case, as in *Ward,* the record shows that respondent is a highly educated person and is capable of finding gainful employment. A continuation of maintenance would only reward respondent's behavior in conducting an unrealistic job search and in choosing to run an unprofitable business.

In light of the foregoing, we affirm the child support modification and reverse the maintenance modification.

Affirmed in part; reversed in part.

O'MARA FROSSARD, J., concurs.

JUSTICE GALLAGHER, dissenting:

I agree with the majority's disposition of the child support issue. I respectfully dissent from the majority's treatment of the maintenance issue. After a hearing, the trial court reduced the maintenance amount from $2,500 per month to $1,200 and extended the maintenance payments for two years. The court made a specific finding that some form of maintenance would be continued since the respondent was taking care of two minor children. Moreover, the maintenance amount would be reviewable in two years. It is difficult to perceive an abuse of discretion in that ruling. A trial court's determination of maintenance is entitled to great deference. A maintenance award will not be set aside unless it is an abuse of discretion or against the manifest weight of the evidence. *In re Marriage of Ward*, 267 Ill. App. 3d 35, 41 (1994). An abuse of discretion occurs only when no reasonable person could find as the court did. *Szesny v. Szesny*, 197 Ill. App. 3d 966, 971 (1990). An appellate court must not substitute the trial court's discretion with its own. *In re Marriage of Partyka*, 158 Ill. App. 3d 545, 550 (1987). In fact, in *Ward*, relied upon by the majority, this court found that the trial court did not abuse its discretion in setting a maintenance award based on the parties' education and income.

Here the majority is finding that respondent should not receive a two-year reduced maintenance award because she has not made, in the majority's view, sufficient progress toward financial independence. The majority's finding, however, puts trial judges in a very untenable position. The majority does not allow for the considerable latitude that is placed with the trial court. The effect of the majority's decision is that unless a trial judge reaches precisely the same conclusion as the majority, and terminates maintenance completely, there is an abuse of discretion. Trial judges receive no guidance from such a ruling as to when their discretion may be used to reach a fair compromise by balancing all interests. The decision today calls for a black and white determination in the gray area of discretionary calls.

The truth is, moreover, that the conclusion reached by the trial court in this case is eminently reasonable and fair and takes into account the two minor children living at home and what is in their best interest. The trial court balanced the various interests and made intelligent findings based on the evidence. Therefore, there was no abuse

of discretion. I would affirm the trial court's judgment in its entirety.