# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*In re Marriage of Spircoff*, 2011 IL App (1st) 103189

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF TENNESSA S. SPIRCOFF, Petitioner, and ROBERT M. SPIRCOFF, Respondent (ROBERT M. SPIRCOFF II, Third-Party-Beneficiary-Petitioner; Trustee of the Robert M. Spircoff II, Trust, Third-Party Respondent). |
| District & No. | First District, Third Division<br>Docket No. 1-10-3189 |
| Filed | October 19, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | A certified question under Supreme Court Rule 308 as to whether the holding in *Peterson* barring contributions for college expenses incurred prior to the filing date of a petition for dissolution of a marriage also barred retroactive relief for such expenses incurred prior to the filing date when a third-party beneficiary seeks to enforce a provision of his parents' settlement agreement requiring contributions to his college expenses was answered in the negative where payment of the expenses was not expressly reserved for future consideration by the trial court in the initial proceedings. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 87-D-1716; the Hon. Mark J. Lopez, Judge, presiding. |
| Judgment | Certified question answered. |

| | |
|---|---|
| Counsel on Appeal | Kalcheim Haber, LLP, of Chicago, for third-party beneficiary-petitioner. |
| Panel | JUSTICE SALONE delivered the judgment of the court, with opinion. Presiding Justice Steele and Justice Murphy concurred in the judgment and opinion. |

**OPINION**

¶ 1     This permissive interlocutory appeal pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 1, 1994) by third-party-beneficiary petitioner Robert M. Spircoff II asks us to consider a question certified by the trial court regarding the application of the holding in a recent decision issued by this court, *Petersen v. Petersen*, 403 Ill. App. 3d 839 (2010).[1] Third-party-beneficiary petitioner (third-party beneficiary) filed a breach of contract action to enforce a provision contained in his parents', Tennessa (petitioner) and Robert (respondent) Spircoff, dissolution of marriage judgment concerning payment of college education expenses. Also named as a party was the trustee of the Robert M. Spircoff II trust (third-party respondent). The trial court certified the following question for our review:

> "If the ruling in *Petersen* bars a party from contribution from a former spouse from contribution for college expenses incurred prior to the date of filing of a petition brought pursuant to 750 ILCS 5/513, does the same bar to retroactive relief for college expenses incurred prior to the filing date apply to a petition brought by a third[-]party beneficiary to enforce a provision of his parents['] marital settlement agreement to contribute to his college education[?]"

¶ 2     We granted third-party beneficiary's petition for leave to appeal and answer the certified question in the negative.

¶ 3     Although neither petitioner, respondent nor third-party respondent has filed a brief on appeal, we will consider the appeal pursuant to the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976).

¶ 4                                    BACKGROUND

¶ 5     Third-party beneficiary commenced this breach of contract action on February 2, 2009, to enforce a provision of his parents' marital settlement agreement that was incorporated into the parties' dissolution of marriage judgment and concerned the payment of his college

---

[1]The Illinois Supreme Court has since issued an opinion on the *Petersen* appeal, affirming the part of the appellate court's decision which held that support could not be ordered for expenses which predated the filing of the wife's petition. *In re Marriage of Petersen*, 2011 IL 110984.

expenses. A full evidentiary hearing was conducted and the trial court continued the matter for closing arguments. However, in the time period between the close of proofs and closing arguments, this court issued the opinion in *Petersen*. In *Petersen*, this court held that a party seeking contribution to college expenses pursuant to section 513 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/513 (West 2008)) that was reserved in the parties' judgment is barred from any relief for expenses incurred prior to the date the petition was filed. *Petersen*, 403 Ill. App. 3d at 845-46.

¶ 6     The trial court noted in its written order of October 15, 2010, that unlike in *Petersen*, the moving party in the instant case sought relief as a third-party beneficiary and filed his petition after he completed his college education. Paragraph seven of the parties' marital settlement agreement, which was entered on January 28, 1988, provides that "[e]ach of the parties shall contribute to the trade school or college and professional school education expenses of their child in accordance with Section 513 in the Illinois Marriage and Dissolution of Marriage Act, Illinois Revised Statutes Chapter 40." The trial court concluded that the language in paragraph seven of the marital settlement agreement was a reservation of the issue of college contribution and not an enforcement as argued by the third-party beneficiary because it "failed to describe a sum certain or a percentage obligation of either party for the Court to enforce and reserves that determination for a future hearing pursuant to 513 of the Act." The trial court further noted that the issue was proper for an interlocutory appeal and subsequently certified the question that is the subject of this appeal under Supreme Court Rule 308 (eff. Feb. 1, 1994). We granted third-party beneficiary's application for leave to appeal.

¶ 7                                     DISCUSSION

¶ 8     Our scope of review is governed by Supreme Court Rule 308(a) (eff. Feb. 1, 1994). Rule 308 provides an avenue of permissive appeal for interlocutory orders where the trial court has deemed that they involve a question of law as to which there is substantial ground for difference of opinion and where an immediate appeal from the order may materially advance the ultimate termination of the litigation. Ill. S. Ct. R. 308(a) (eff. Feb. 1, 1994); *Brookbank v. Olson*, 389 Ill. App. 3d 683, 685 (2009). We are generally limited to the question certified by the trial court, which, because it is must be a question of law and not fact, is reviewed *de novo*. *Brookbank*, 389 Ill. App. 3d at 685.

¶ 9     Third-party beneficiary makes the following contentions on appeal: (1) *Petersen* applies to a parental contribution not a child's contractual enforcement of a divorce judgment; (2) he can only seek a remedy in contract as he has no standing to pursue relief under the Act; and (3) the instant matter is clearly distinguishable from *Petersen* because the provision contained in the parties' marital settlement agreement was not permissive or discretionary as it contained the word "shall."

¶ 10     As a preliminary matter, we note that it is clear that an adult child of divorced parents has standing to enforce the educational provision of the divorce decree on the basis that he or she is a third-party beneficiary. *Orr v. Orr*, 228 Ill. App. 3d 234, 238 (1992); *Miller v. Miller*, 163 Ill. App. 3d 602, 612 (1987). Moreover, children who are beneficiaries under a contract

entered into by their parents have standing to bring suit against their father to compel his compliance with the contract terms. *Orr*, 228 Ill. App. 3d at 238.

¶ 11 Section 513 grants the circuit court the discretion to extend a parent's obligation to support his or her children beyond their minority when that support is for educational purposes. 750 ILCS 5/513 (West 2008). Section 513(a)(2) of the Act governs support for nonminor children and educational expenses. It provides, in pertinent part, as follows:

"The court may also make provision for the educational expenses of the child or children of the parties, whether of minority or majority age, and an application for educational expenses may be made before or after the child has attained majority ***." 750 ILCS 5/513(a)(2) (West 2008).

It is well settled that orders entered pursuant to section 513 are always modifiable. *In re Marriage of Loffredi*, 232 Ill. App. 3d 709, 712 (1992). Such orders remain modifiable because a provision for payment of college expenses is in the nature of child support, rather than a property settlement. *In re Marriage of Dieter*, 271 Ill. App. 3d 181, 190 (1995).

¶ 12 Turning to the question on appeal, we begin with a discussion of this court's holding in *Petersen*.

¶ 13 In *Petersen*, the parties were married on September 1, 1983, and three children were born to the marriage. *Petersen*, 403 Ill. App. 3d at 840-41. A judgment for dissolution of marriage was entered on August 27, 1999. *Petersen*, 403 Ill. App. 3d at 841. With respect to the college expenses of the children, the judgment provided:

"The Court expressly reserves the issue of each party's obligation to contribute to the college or other education expenses of the parties' children pursuant to section 513 of the [Illinois Marriage and, Dissolution of Marriage Act]." (Internal quotation marks omitted.) *Petersen*, 403 Ill. App. 3d at 841.

On May 7, 2007, the former wife filed a petition requesting an allocation for college expenses for the children; however, the oldest child had graduated in 2006, and the youngest two children were then attending college. *Petersen*, 403 Ill. App. 3d at 841. As previously discussed, the *Petersen* court concluded that because "the judgment of dissolution of marriage did not determine whether the parents were required to pay the college expenses of the children (a form of child support), but reserved the issue to be decided in the future," the wife's "petition for allocation of college expenses was in the nature of a modification of child support under section 510 [(750 ILCS 5/510 (West 2008))]." *Petersen*, 403 Ill. App. 3d at 845-46. The court subsequently held that section 510 (750 ILCS 5/510 (West 2008)) requires that contribution to the educational expenses by the nonmoving party begins on the notice date of the petition and that the trial court erred in ordering payment of college expenses that predated the notice of filing. *Petersen*, 403 Ill. App. 3d at 845-46.

¶ 14 Since *Petersen* was filed, this court has had another occasion to consider the issue of whether under section 513(a)(2) (750 ILCS 5/513(a)(2) (West 2008)) a court had authority to adjudicate a petition to share a child's undergraduate school expenses, even if the petition was filed after the child had graduated. See *In re Marriage of Chee*, 2011 IL App (1st) 102797. In *Chee*, petitioner filed for dissolution of marriage on December 4, 2008. *Chee*, 2011 IL App (1st) 102797, ¶ 2. However, respondent answered that their marriage was never

legally valid because he was married to another two months before the parties' marriage and that the bigamous marriage to petitioner should be declared null and void. *Chee*, 2011 IL App (1st) 102797, ¶ 2. Petitioner then filed a motion for summary judgment requesting that the court either dissolve the marriage or declare it void, but hold respondent responsible for one-third of all past, current, and future educational expenses of the children pursuant to section 513(a)(2) (750 ILCS 5/513(a)(2) (West 2008)). *Chee*, 2011 IL App (1st) 102797, ¶ 2. The trial court subsequently voided the marriage on May 5, 2010, but retained jurisdiction over the petition, children and respondent under section 513(a) (750 ILCS 5/513(a) (West 2008)). *Chee*, 2011 IL App (1st) 102797, ¶ 3. A few weeks later, on June 1, 2010, petitioner filed a second petition, entitled " 'Petition for Section 513 College Support,' " and again requested one-third of the children's college expenses. *Chee*, 2011 IL App (1st) 102797, ¶ 4. The parties' son had graduated in May 2008, prior to the filing of the petition for dissolution of marriage, and their daughter graduated in May 2009, while the petition was pending. *Chee*, 2011 IL App (1st) 102797, ¶ 4. Respondent filed a motion to dismiss, contending that the Act should be construed as depriving the trial court of authority to adjudicate educational expenses as soon as each child graduated from college, and the trial court granted the motion. *Chee*, 2011 IL App (1st) 102797, ¶ 5.

¶ 15 The *Chee* court noted that the decision in *Petersen* did not preclude adjudication of the petition for educational costs, because unlike *Petersen*, where the petition was filed eight years after final judgment in the dissolution case, no final judgment had been entered in the pending case. *Chee*, 2011 IL App (1st) 102797, ¶ 17. Additionally, the court noted that while the children's college expenses slightly predated the petition for dissolution, they could have properly been considered during the pendency of the suit contemporaneously with other ancillary issues. *Chee*, 2011 IL App (1st) 102797, ¶ 17. Alternatively, the court found that petitioner's section 513 petition could properly be construed as a timely motion to reconsider, and that under either scenario, the court could properly consider the petition for both children's educational expenses and that *Petersen* did not control. *Chee*, 2011 IL App (1st) 102797, ¶ 17.

¶ 16 Our supreme court granted leave to appeal in *Petersen* to determine the appropriate means by which to apportion postdissolution decree college expenses where the judgment of dissolution reserved the issue for future consideration. *Petersen*, 2011 IL 110984, ¶ 1. The court affirmed the appellate court's decision that support could not be ordered for expenses which predated the filing of the wife's petition, although it reversed the portion of the appellate court's decision related to the proportion of educational expenses the husband was to pay. *Petersen*, 2011 IL 110984, ¶¶ 18, 25.

¶ 17 Turning to the instant case, we find it to be distinguishable from *Petersen*. First, we note that unlike the situation presented in *Petersen*, here the obligation of the parties for educational expenses was clearly and affirmatively stated and was not expressly reserved. We reach this conclusion even though the actual allocation of those expenses was not made at the time the judgment of dissolution was entered.

¶ 18 Support for this conclusion is found in *Orr*. In *Orr*, the court found that the father's obligation for educational expenses was affirmatively stated in the marital settlement agreement as follows: "Husband desires that the minor children shall attend a college or

-5-

professional school and he agrees to participate in the financial responsibility for said education." (Internal quotation marks omitted.) *Orr*, 228 Ill. App. 3d at 239. Where such obligation to provide for a child's college expenses is included in a property settlement agreement that is later incorporated in a divorce decree, that obligation is even more definite and obligatory. *Orr*, 228 Ill. App. 3d at 239 (citing *Larsen v. Larsen*, 126 Ill. App. 3d 1072 (1984)).

¶ 19       Additional support for this conclusion can be found in *In re Marriage of Albiani*, 159 Ill. App. 3d 519 (1987). In *Albiani*, the marital settlement agreement incorporated into the judgment for dissolution contained the following provision: "That the parties shall pay and be equally responsible for the tuition, room, and board and reasonable transportation expenses in connection with MARK ALBIANI's pharmacy school expenses." (Internal quotation marks omitted.) *Albiani*, 159 Ill. App. 3d at 522. On appeal, the appellant argued that the trial court had erred in its judgment of dissolution by failing to adjudicate the ultimate responsibility for payment of the future academic costs of the parties' minor child. *Albiani*, 159 Ill. App. 3d at 525. The court affirmed, noting that should the parties in the future disagree as to how to divide the child's academic costs, the circuit court retained jurisdiction to settle the dispute. *Albiani*, 159 Ill. App. 3d at 526-27.

¶ 20       We read paragraph seven of the parties' marital settlement agreement in the instant case in the same manner. Both parties expressly and affirmative agreed to be responsible for the college educational expenses of third-party beneficiary and such expenses were not expressly reserved by the trial court. Any dispute as to the parties' individual contribution could always be settled by the trial court, which retained jurisdiction to make specific allocations for that contribution. See *Loffredi*, 232 Ill. App. 3d at 712 (orders entered pursuant to section 513 are always modifiable). In contrast, the marital settlement agreement at issue in *Petersen* expressly reserved the issue of college expenses for the trial court to decide. See also *In re Support of Pearson*, 111 Ill. 2d 545, 551 (1986) (educational expenses clause in the property distribution reserved the question of educational expenses under section 513 until a later date).[2] We therefore find the holding in *Petersen* to be inapplicable to the present case as educational expenses were not expressly reserved for future consideration by the trial court.

¶ 21       Moreover, we conclude that *Petersen* is inapplicable to the present case because this is an action by a third-party beneficiary seeking enforcement of the provisions of a marital settlement agreement, which is, by nature, a breach of contract action, and not an action to modify a section 513 order. See *Miller*, 163 Ill. App. 3d at 612 (a third party who is the direct beneficiary of a contract has standing to enforce the obligations for his benefit incurred under that contract). In *Miller*, the trial court dismissed the child's motion to compel his father to comply with the marital settlement agreement and divorce decree to pay his college

---

[2]The educational expense clause in *Pearson* provided as follows:
"With regard to KEITH PEARSON, now emancipated, at such time as he has applied for and been accepted to a college, university, or trade school, either party may file an appropriate petition seeking financial contribution from the other in connection with said college education expense pursuant to Section 513 [of the Illinois Marriage and Dissolution of Marriage Act]." (Internal quotation marks omitted.) *Pearson*, 111 Ill. 2d at 547.

expenses. *Miller*, 163 Ill. App. 3d at 617. This court reversed, finding that the child, as a direct third-party beneficiary of his parents' agreement, had standing to seek by court order his father's compulsory compliance with his agreement to pay the child's college expenses. *Miller*, 163 Ill. App. 3d at 617.

¶ 22 The same conclusion is warranted in the instant case. Here, third-party beneficiary filed a breach of contract action, seeking to compel respondent's compliance with the marital settlement agreement by which both of his parents agreed to pay his college expenses.

¶ 23 For the foregoing reasons, we therefore answer the certified question in the negative, finding that the holding in *Peterson* does not bar an action by a third-party beneficiary to retroactively enforce a provision of his or her parents' marital settlement agreement related to payment of educational expenses where such payment of such expenses was not expressly reserved for future consideration by the trial court in the initial proceedings.

¶ 24 CONCLUSION

¶ 25 Certified question answered.