2020 IL App (1st) 1-18-1860-U

FIRST DIVISION
May 4, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| JUANITA M. SULLIVAN, | ) | Appeal from the Circuit Court of |
| | ) | Cook County, Domestic Relations Division. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 06 D 05086 |
| | ) | |
| JOHN E. SULLIVAN, | ) | |
| | ) | Honorable |
| | ) | Jeanne Cleveland Bernstein, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE GRIFFIN delivered the judgment of the court.
Justices Pierce and Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err when it denied plaintiff's petition for rule to show cause and granted defendant's petition for educational expenses.

¶ 2    *Pro Se* plaintiff Juanita Sullivan filed a petition for rule to show cause in the trial court claiming her daughter failed to provide her with a tax form in violation of a court order. Shortly thereafter, defendant petitioned the trial court for an award of educational expenses so that the parties only daughter could attend a university in Florida. Plaintiff moved to strike the petition. She argued that: (1) defendant improperly sought an award of educational expenses that were incurred prior to the filing date of his petition; and (2) the trial court's statutory authority to award

educational expenses terminated when her daughter failed to maintain a cumulative "C" grade point average. The trial court held a hearing on all pending matters and sided with defendant; it denied plaintiff's petition for rule to show cause and granted defendant's petition for educational expenses. For the following reasons, we affirm.

¶ 3                                    BACKGROUND

¶ 4      Plaintiff Juanita Sullivan and defendant John Sullivan were married on October 15, 1993. Plaintiff filed a petition to dissolve the marriage on May 5, 2006. The parties reached a settlement to resolve all of the legal issues related to the dissolution of the marriage, and the terms of the agreement were memorialized in a judgment of dissolution entered by the trial court.

¶ 5      The central issue in this case is section VI of the parties' marital settlement agreement (MSA), which provided that "[e]ach party's respective responsibility and obligation toward the payment of the college expenses and trade school of the child shall be determined pursuant to the applicable provisions of Section 513 of the Illinois Marriage and Dissolution of Marriage Act *** or of any amendment thereto." Also relevant to this appeal is section IV(C) of the MSA, which required the parties to "alternate the right to claim [their daughter] as a dependent for purposes of filing their respective tax returns."

¶ 6      In 2014, the parties' daughter graduated high school and was accepted to Northern Illinois University (NIU). On April 10, 2014, plaintiff petitioned the trial court to enter an award of educational expenses related to their daughter's attendance at NIU. The trial court granted the petition in a written order entered on July 28, 2014 (July 28 Order). In addition to its award of educational expenses, the trial court ordered that the parties' daughter "shall deliver a copy of the 1098T to John and Juanita within 3 days of receipt of the same" and allowed section IV(C) of the MSA to "remain in effect." The 1098-T tax form substantiates a taxpayer's payment of educational

expenses to a qualifying institution and must be provided to the Internal Revenue Service in order to receive an education tax credit in a given taxable year.

¶ 7    On October 6, 2017, plaintiff filed a petition for a rule to show cause alleging that her daughter violated the July 28 Order by failing to provide her with a copy of the 1098-T. Plaintiff claimed that her daughter's noncompliance resulted in the disallowance of her education tax credit for the 2016 taxable year. Plaintiff's petition, however, identified defendant as the alleged contemnor, not her daughter and included an express request for an order requiring defendant to: (1) show why he should not be held in contempt; (2) tender the form 1098-T; and (3) pay $2,500 to plaintiff. The certificate of service attached to plaintiff's petition indicated that it was sent to defendant's counsel. The parties' daughter was not listed as a recipient.

¶ 8    On October 25, 2017, defendant petitioned the trial court for an award of educational expenses so that the parties' daughter could attend Florida Gulf State University (FGCU) in Fort Myers, Florida. The petition was based on section VI of the MSA and section 513 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/513 (West 2016)), which governs a trial court's award educational expenses to a non-minor child.

¶ 9    Plaintiff moved to strike the petition, arguing that: (1) defendant improperly sought an award of educational expenses that were incurred prior to the filing date of his petition; and (2) the trial court's statutory authority to award educational expenses terminated when her daughter failed to maintain a cumulative "C" grade point average. Eventually plaintiff answered the petition, raising objections similar to those made in her motion to strike. She also claimed that the parties' respective financial resources were such that defendant should pay more in expenses than plaintiff. On March 12, 2018, the trial court held a hearing on all pending matters.

¶ 10    On August 7, 2018, the trial court entered a lengthy written order denying plaintiff's petition for rule to show cause and granting defendant's petition for college expenses. The trial court made extensive factual findings as to the amount of educational expenses for the Fall 2017/Spring 2018 and Fall 2018/Spring 2019 school years using the following categories: (1) in-state/out-of-state tuition and fees; (2) room and board; (3) books; and (4) transportation. After calculating the amount of educational expenses, the trial court split the payment obligation equally between the parties and their daughter, requiring each of them to pay a one-third of the expenses.

¶ 11    The trial court ordered plaintiff to pay her share of the room and board expenses directly to defendant. It found that the parties' daughter was residing at defendant's condominium in Florida, which he owned subject to a mortgage on the property. The trial court further found that the parties' daughter established residency in the state of Florida, which allowed her to qualify for in-state tuition starting in the Spring 2018 semester. The difference between in-state and out-of-state tuition was a savings of $10,402.72.

¶ 12    Plaintiff appeals the trial court's order, arguing that the decisions contained therein were incorrect and constituted reversible error. Defendant failed to file a response.

¶ 13                                JURISDICTION

¶ 14    A trial court has indefinite jurisdiction to enforce the terms of a judgment that includes a marital settlement agreement. *In re Marriage of O'Malley ex rel. Godfrey*, 2016 IL App (1st) 151118, ¶ 42. This court has jurisdiction pursuant to Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. July 1, 2017). See *In re Marriage of A'Hearn*, 408 Ill. App. 3d 1091, 1094 (2011).

¶ 15                                          ANALYSIS

¶ 16    Defendant in this case failed to file a response brief. If the record is simple and the claimed errors are such that the court can easily decide the appeal without the aid of an appellee's brief, the court should decide the merits of the appeal. *ALSJ, Inc. v. Kurtz*, 2016 IL App (2d) 150492, ¶ 46. We elect to reach the merits of this appeal and decide the issues.

¶ 17    Plaintiff challenges the trial court's denial of her petition for rule to show cause as incorrect. She claims that the trial court employed flawed reasoning to deny her petition and asks us to reverse its decision. But we review the trial court's judgment, not its reasoning, and we may affirm on any grounds in the record regardless of whether the trial court relied on those grounds or whether the trial court's reasoning was correct." *Hancock v. Village of Itasca*, 2016 IL App (2d) 150677, ¶ 11. Accordingly, a trial court's reasoning is immaterial if its ultimate ruling is correct.

¶ 18    Plaintiff's petition for a rule to show cause identifies her daughter as the alleged contemnor and claims that she engaged in contemptuous conduct by failing to provide plaintiff with a copy of form 1098-T in violation of the July 28 Order. An alleged contemnor is entitled to minimal due process, consisting of adequate notice and an opportunity to be heard. *In re Marriage of Betts*, 200 Ill. App. 3d 26, 52-53 (1990). The record in this case fails to demonstrate plaintiff's compliance with either of these basic due process requirements.

¶ 19    The certificate of service attached to plaintiff's petition lists only the address of defendant's counsel. Furthermore, the transcript of the hearing on October 25, 2018, indicates that the parties, not their daughter, was present in open court. The only conclusion to be drawn from this record is that the parties' daughter was afforded no due process, let alone minimal due process. Accordingly, the trial court's decision to deny plaintiff's petition for rule to show cause was not incorrect.

¶ 20 Plaintiff next claims that the trial court erred when it denied her motion to strike defendant's petition for educational expenses. Plaintiff argues that: (1) pursuant to section 513 of the Act, the trial court could not award educational expenses that were incurred prior to the filing date of defendant's petition; and (2) the trial court's statutory authority to award educational expenses terminated when her daughter failed to maintain a cumulative "C" grade point average.

¶ 21 Section 513(a) of the Act allows the trial court to award educational expenses to a non-minor child "as equity may require." 750 ILCS 5/513(a) (West 2016) ("the court may award sums of money out of the property and income of either or both parties or the estate of a deceased parent, as equity may require, for the educational expenses of any child of the parties"). A provision for the payment of college expenses is a form of child support (see *In re Marriage of Jones*, 2016 IL App (3d) 150237, ¶ 6) and a trial court's decision to award educational expenses will not be reversed absent an abuse of discretion. *In re Marriage of Thomsen*, 371 Ill. App. 3d 236, 243 (2007).

¶ 22 Plaintiff's first argument is based on section 513(k) of the Act, which provides that: "[t]he establishment of an obligation to pay [for a non-minor child's education expenses] is retroactive only to the date of filing a petition. The right to enforce a prior obligation to pay may be enforced either before or after the obligation is incurred." 750 ILCS 5/513(k) (West 2016). Plaintiff's position is that the trial court's order runs afoul of section 513(k) of the Act because its award included educational expenses that were incurred before defendant filed his petition on October 25, 2017. Plaintiff asks us to reverse the trial court's order in part.

¶ 23 The resolution of this issue calls for an interpretation and application of section VI of the MSA. The rules of contract interpretation apply to the interpretation of a marital settlement agreement. *In re Marriage of Frank*, 2015 IL App (3d) 140292, ¶ 11. The primary objective when

interpreting an agreement is to give effect to the intent of the parties. *Id*. The best indicator of the parties' intent is the language used in a marital settlement agreement. *Id*. The interpretation of a marital settlement agreement is reviewed *de novo* as a question of law. *Blum v. Koster*, 235 Ill. 2d 21, 33 (2009).

¶ 24    We find that section VI of the MSA reflects the parties' agreement to pay for their daughter's college education such that defendant's petition sought to enforce a prior obligation to pay, rather than establish a new one. We construed a similar contract provision and argument in the case of *In re Marriage of Spircoff*, 2011 IL App (1st) 103189, ¶ 6. The provision in that case provided that: "[e]ach party shall contribute to the trade school or college and professional school education expenses of their child in accordance with Section 513 in the Illinois Marriage and Dissolution of Marriage Act, Illinois Revised Statutes Chapter 40." *Spircoff*, 2011 IL App (1st) 103189, ¶ 20. We found that "[b]oth parties expressly and affirmatively agreed to be responsible for college education expenses" and there was no express reservation of the issue for the trial court to decide. *Id*. We concluded that the trial court was not prohibited from retroactively enforcing the provision and was free to award expenses incurred prior to the date of the filing of the petition. *Id*. ¶ 23. The same result is warranted here.

¶ 25    Section VI of the MSA reflects the parties' agreement to pay for their daughter's college education. The provision contains no express reservation of the issue for the trial court to decide and the reference to section 513 of the Act does no more than express the parties' agreement to have the trial court resolve any potential dispute over the amount of their individual contributions. See *Donnelly v. Donnelly*, 2015 IL App (1st) 142619, ¶ 29 (finding that a party could retroactively enforce an obligation to pay for college expenses contained in a marital settlement agreement "even where the parties' judgment for dissolution does not order a specific dollar amount or

percentage to be paid but leaves the amount to be determined at a later date"). Accordingly, the trial court did not err by including in it its award educational expenses that were incurred prior to the date defendant filed his petition.

¶ 26    Plaintiff argues next that the trial court's statutory authority to award educational expenses under section 513 of the Act terminated when her daughter failed to maintain a cumulative "C" grade point average. This argument is based on section 513(g) of the Act, which provides that a trial court's authority to "make provision for education expenses terminates when the child *** fails to maintain a cumulative 'C' grade point average, except in the event of illness or other good cause shown." 750 ILCS 5/513(g) (West 2016). Plaintiff's position is that section 513(g) of the Act triggered to terminate the trial court's authority to award education expenses when her daughter's cumulative grade point average fell below a 2.0. Plaintiff asks us to reverse the trial court's award of educational expenses.

¶ 27    We reject this argument. Based on our review of the record, plaintiff failed to satisfy her burden of establishing that her daughter's grade point average fell below a 2.0 and we decline to speculate as to how the parties' daughter will perform academically at FGCU in the future.

¶ 28    Plaintiff advances two additional arguments. First, she claims that the trial court failed to award the actual costs of her daughter's housing expenses as required by Illinois statute and instead, arbitrarily awarded housing expenses in an amount equal to the costs of a student room at U of I for the same academic years. Second, plaintiff contends that the trial court failed to take into account the parties' respective financial resources when it split the oblation to pay for the education expenses equally between them and their daughter.

¶ 29    Section 513(d)(2) of the Act provides, in pertinent part, that a trial court's award of educational expenses "may include, but shall not be limited to the following: (1) except for good

cause shown, the actual costs of the child's housing expenses, whether on-campus or off-campus, provided that the housing expenses do not exceed the cost for the same academic year of a double-occupancy student room, with a standard meal plan, in a residence hall operated by the University of Illinois at Urbana-Champaign." 750 ILCS 5/513(d)(2) (West 2016).

¶ 30    A trial court's decision to award educational expenses, which may include housing expenses under section 513(d)(2) of the Act, is discretionary. *In re Marriage of Thomsen*, 371 Ill. App. 3d 236, 243 (2007). Therefore, we will not reverse the trial court's decision absent abuse of discretion. *Id.* An abuse of discretion occurs only when no reasonable person could agree with the trial court. *In re Marriage of Albiani*, 159 Ill. App. 3d 519, 526 (1987).

¶ 31    The trial court's findings as to the actual costs of the room and board expenses, however, were factual findings. We will not reverse a trial court's factual findings unless they were against the manifest weight of the evidence. *People ex rel. Sussen v. Keller*, 382 Ill. App. 3d 872, 877 (2008).  A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented. *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 150.

¶ 32    Section 513(d)(2) of the Act permits the trial court in its discretion to award the actual costs of a child's housing expenses if they are less than, equal to, or upon good cause shown, exceed "the cost for the same academic year of a double-occupancy student room, with a standard meal plan, in a residence hall operated by the University of Illinois at Urbana-Champaign." 750 ILCS 5/513(d)(2) (West 2016). Accordingly, section 513(d)(2) of the Act does not prevent a trial court from awarding housing expenses in an amount equal to the costs of a student room at U of I for the same academic years.

¶ 33    We find that the record in this case does not warrant the reversal of the trial court's factual findings as against the manifest weight of the evidence. Though plaintiff claims that the trial court calculated the housing expenses by arbitrarily using the actual costs of U of I student room for the same academic years, there is no indication in the record as to what the actual costs of a U of I student room were or whether they were equal to the amount of room and board expenses awarded by the trial court. Furthermore, plaintiff failed to establish at the hearing the actual costs of her daughter's stay at defendant's Florida condominium. Accordingly, there is no basis for finding that the trial court's factual findings were against the manifest weight of the evidence.

¶ 34    We also reject plaintiff's argument that a trial court is automatically prohibited from awarding housing expenses when a non-minor child lives at a property that is owned by one of the parties and subject to a mortgage. As the trial court indicated at the hearing, it was authorized to award housing expenses and was going to do so regardless of where the parties' daughter was residing. Plaintiff cited no binding authority that would have precluded the trial court from doing what it did.

¶ 35    Finally, we find unpersuasive plaintiff's contention that the trial court abused its discretion when it ordered each party and their daughter to pay one-third of the educational expenses awarded. Section 513(j) of the Act provides that "[i]n making awards under this Section *** the court shall consider all relevant factors that appear reasonable and necessary, including: (1) The present and future financial resources of both parties to meet their needs, including, but not limited to, savings for retirement. (2) The standard of living the child would have enjoyed had the marriage not been dissolved. (3) The financial resources of the child. (4) The child's academic performance." See 750 ILCS 5/513(j)(1)-(4) (West 2016).

¶ 36    The trial court's decision here was discretionary and we decline to hold that no reasonable person would have equally apportioned the responsibility to pay for educational expenses between the parties and their daughter in the way the trial court did here. *In re Marriage of Koenigsknecht*, 302 Ill. App. 3d 474, 479 (1998) (an abuse of discretion occurs only when no reasonable person could find as the trial court did).

¶ 37                                    CONCLUSION

¶ 38    Accordingly, the judgment of the circuit court of Cook County is affirmed.

¶ 39    Affirmed