ILLINOIS OFFICIAL REPORTS

*In re Marriage of Koenig*, 2012 IL App (2d) 110503

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF JOYCE P. KOENIG, Petitioner-Appellant, and JAMES E. KOENIG, Respondent-Appellee. |
| District & No. | Second District<br>Docket No. 2-11-0503 |
| Filed | April 27, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's order barring petitioner from seeking college and law school expenses for the parties' only child that were incurred prior to the filing of her petition was reversed and the cause was remanded, since the parties' settlement agreement did not contain an explicit reservation of contribution for college expenses under section 513 of the Illinois Marriage and Dissolution of Marriage Act but, rather, it assigned financial responsibility for their child's college and postgraduate expenses to the parties and an order entered pursuant to the petition would not "adjust, change or alter" the obligation imposed under the agreement, regardless of the fact that no dollar amount or other basis for determining the parties' contributions was set in the agreement. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 99-MR-956; the Hon. Patrick J. Leston, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on Appeal

Barry A. Schatz and Brendan J. Hammer, both of Berger Schatz, of Chicago, for appellant.

No brief filed for appellee.

Panel

JUSTICE BURKE delivered the judgment of the court, with opinion. Justices Bowman and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1   Petitioner, Joyce P. Koenig, appeals the order of the circuit court of Du Page County granting summary judgment in favor of respondent, James E. Koenig, on Joyce's postdecree petition for contribution for college and law school expenses, which accrued prior to the petition,[1] for the parties' only child, Tiffany. The trial court's order barred Joyce from seeking college and postgraduate expenses that were incurred prior to the filing of the petition, predicated upon the First District Appellate Court's opinion of *Petersen v. Petersen*, 403 Ill. App. 3d 839 (2010), *aff'd in part & rev'd in part by In re Marriage of Petersen*, 2011 IL 110984. In *Petersen*, the appellate court ruled that the allocation of college expenses was in the nature of a modification of child support under section 510 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/510 (West 2010)) because the trial court had expressly reserved the issue of contribution pursuant to section 513 of the Act (750 ILCS 5/513 (West 2010)), and, thus, costs predating the petition were barred. *Petersen*, 403 Ill. App. 3d at 846.

¶ 2   Joyce appeals, arguing, *inter alia*, that the holding in *Petersen* is limited to a situation where a judgment or marital settlement agreement (settlement agreement) contains an explicit reservation of contribution for college expenses under section 513. Here, because the parties' settlement agreement did not contain such a reservation, but instead assigned to the parties financial responsibility for Tiffany's college and postgraduate expenses, Joyce argues that the holding in *Petersen* is inapplicable. Although James has not filed a brief on appeal, we will consider the appeal pursuant to the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976). For the following reasons, we reverse and remand.

---

[1]Although the trial court dismissed the petition for contribution upon entry of the summary judgment order, Joyce has a claim remaining for law school expenses that were incurred by Tiffany after the filing of the petition. The order states that there is no just reason for delaying appeal pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010).

¶ 3                                    BACKGROUND

¶ 4        On December 8, 1993, the trial court entered a judgment for dissolution of marriage, dissolving the parties' 23-year marriage. The judgment incorporated the parties' settlement agreement, which included, among other things, support arrangements for Tiffany, who was born March 3, 1985.

¶ 5        Article VII of the settlement agreement established the parties' financial responsibility for Tiffany's higher educational expenses, requiring the parties to pay certain expenses for Tiffany's college and postgraduate education. Article VII provides:

"7.1 The Husband and Wife shall pay for university, college or post-graduate school education for Tiffany herein based on their respective financial abilities and resources at said time.

7.2 For purposes of this Article, the expenses of a university, college or post-graduate school education shall include, not by way of limitation, any and all charges for tuition, room, board or lodging, and other necessary and usual expenses and transportation expenses between the school and the child's home not to exceed Five (5) round-trips per school year.

7.3 The parties' obligation under this Article shall terminate upon the last to occur of the following:

(a) The child's completion of a four year undergraduate or post-graduate degree.

(b) The child's discontinuance of said educational pursuit. For purposes of this Article, a child shall be deemed to have discontinued said education pursuit when said child is no longer actively engaged in a course of study which leads to university, college or post-graduate diploma or degree.

7.4 All decisions affecting Tiffany's education, including the choice of university, or college shall be made jointly by the parties and shall consider the expressed preferences of Tiffany. Neither party shall unreasonably withhold his or her consent to Tiffany's expressed preference.

7.5 That the parties' obligation to provide for the education of Tiffany set forth in this Article is conditioned upon the following:

(a) That the child has, at the time, the desire and aptitude for a university, college or post-graduate education;

(b) That said education is limited to five (5) consecutive years beginning not more than one year after graduation from high school for a college or university degree and a total of eleven (11) years for a post-graduate degree, except that the time shall be extended in the case of serious illness or other good cause shown;

(c) That to the extent [*sic*] the Husband and Wife are financially able to reasonably afford to pay for the educational expenses.

7.6 That the Wife shall control the use of Tiffany's monies in existence at the time of this Agreement, together with earnings or proceeds thereon, during her minority pursuant to the Illinois Uniform Transfer to Minors Act."

¶ 6        On April 16, 2010, Joyce filed a petition for contribution for higher educational expenses seeking reimbursement from James for approximately $257,000 in undergraduate and postgraduate educational expenses incurred by Tiffany and paid by Joyce on Tiffany's behalf. Tiffany's undergraduate tuition and room and board at the University of California, Santa Barbara, during the 2003 through 2007 academic years, accounted for approximately $77,000. Tiffany's law school tuition and room and board at Pepperdine University Law School from fall 2007 through February 2010, as Tiffany was finishing her final year of law school, accounted for approximately $179,000. Joyce alleged that, prior to and throughout Tiffany's attendance at both schools, she and Tiffany attempted to discuss with James Tiffany's choice of schools, as well as the parties' obligation to pay the expenses associated therewith, but James did not participate in the process.

¶ 7        On September 30, 2010, James filed a three-count motion to strike and dismiss Joyce's petition. The motion was denied. James subsequently filed an amended response to the petition based on the holding of *Petersen*, in which James argued that *Petersen* prohibited the retroactive collection of college and postgraduate expenses under section 513 of the Act (750 ILCS 5/513 (West 2010)). Thereafter, on November 29, 2010, James filed a motion for summary judgment, raising the same arguments regarding *Petersen*. Following argument, the trial court granted James' motion for summary judgment. The trial court applied *Petersen*, reasoning that, although the settlement agreement did not mention section 513, contribution by the parties was reserved for the trial court to modify, because the settlement agreement did not set an amount, percentage, or other method of determining what each party's contribution would be. Joyce timely appeals.

¶ 8                                                    ANALYSIS

¶ 9        Since the filing of Joyce's appellate brief, the First District Appellate Court issued *In re Marriage of Spircoff*, 2011 IL App (1st) 103189, which involved retroactive college expenses as in *Petersen* but with a different factual scenario, more similar to that presented here. We granted Joyce's motion for leave to cite *Spircoff* as supplemental authority in support of her appellate brief. Joyce contends that the trial court erred by concluding that determining the parties' obligations to pay for college and postgraduate expenses was essentially a modification under section 513 because the settlement agreement did not set an amount, percentage, or other method of determining what each parties' contribution would be. Joyce argues that, whether or not the settlement agreement provided a basis for determining each party's contribution, the parties expressly agreed to pay those expenses.

¶ 10       Because the facts are not disputed and the trial court entered summary judgment on a question of law, this court may consider the determination *de novo*. See *Mid-Century Insurance Co. v. Founders Insurance Co.*, 404 Ill. App. 3d 961, 966 (2010) (considering the existence of a contract).

¶ 11       In order to better understand the holdings set forth in *Petersen* and *Spircoff*, we initially note that section 513 of the Act grants the circuit court the discretion to extend a parent's obligation to support his or her children beyond their minority when that support is for educational purposes. See 750 ILCS 5/513 (West 2010). Section 513(a)(2) of the Act

regulates support for nonminor children and educational expenses. It states, in part, that "an application for educational expenses may be made before or after the child has attained majority." 750 ILCS 5/513(a)(2) (West 2010). Orders entered pursuant to section 513 are always modifiable. *In re Marriage of Loffredi*, 232 Ill. App. 3d 709, 712 (1992). These orders remain modifiable because a provision for payment of college expenses is considered in the nature of child support rather than a property settlement. *In re Marriage of Dieter*, 271 Ill. App. 3d 181, 190 (1995).

¶ 12     In *Petersen*, a judgment for dissolution of marriage was entered for the parties, Janet and Kevin, on August 27, 1999. The judgment awarded Janet sole custody of the children. Kevin was ordered to pay child support. *Petersen*, 403 Ill. App. 3d at 841. With respect to the college expenses of the children, the judgment provided a blanket reservation under section 513, with no mention of either party being obligated to pay college expenses:

> "The Court expressly reserves the issue of each party's obligation to contribute to the college or other education expenses of the parties' children pursuant to section 513 of the [Act]." (Internal quotation marks omitted.) *Id.*

¶ 13     Eight years after the entry of the judgment, on May 17, 2007, Janet filed a petition requesting an allocation for college expenses for the parties' children. The oldest child had graduated in 2006, and the youngest two children were then attending college. *Id.* The trial court ordered Kevin to pay 75% of all college expenses, including $227,261 for expenses that already were incurred. Kevin appealed the trial court's ruling, contending, *inter alia*, that the trial court erred in ordering him to pay college expenses that accrued prior to the filing of Janet's petition. The appellate court agreed with Kevin and reversed the trial court's ruling. The court concluded that, because "the judgment of dissolution of marriage did not determine whether the parents were required to pay the college expenses of the children (a form of child support), but reserved the issue to be decided in the future," Janet's "petition for allocation of college expenses [was] in the nature of a modification of child support under section 510," which precluded her from obtaining from Kevin contributions for expenses that predated the filing of her petition. *Id.* at 845-46.

¶ 14     The supreme court affirmed the appellate court's judgment, finding first that section 510 of the Act applies to education payments ordered pursuant to section 513 of the Act. *Petersen*, 2011 IL 110984, ¶¶ 12-13. The court then held that the "legislature intended the verb 'modify' as it is used in section 510 to connote any action taken to adjust, change or alter the obligations of one or more of the parties subsequent to entry of the final divorce decree." *Id.* ¶ 16. Because the parties' divorce decree reserved the issue of college expenses pursuant to section 513, the court observed that neither party had a concrete obligation to provide for education expenses under the decree. *Id.* ¶ 18. The court stated:

> "Prior to the filing of Janet's petition, Kevin had no concrete obligation to provide for educational expenses under the decree. Janet, however, in 2007 sought to change the *status quo* between the parties and alter Kevin's obligations under the decree." *Id.*

Thus, by filing a petition for contribution for college expenses, Janet was seeking to change the *status quo* between the parties and to alter Kevin's obligations under the decree. The court concluded that the action brought Janet within the purview of section 510, which limits

modifications of maintenance and support "only as to installments accruing subsequent" to the filing of a modification petition. (Internal quotation marks omitted.) *Id.*

¶ 15    In *Spircoff*, a third-party beneficiary brought a breach of contract action to retroactively enforce a provision of his parents' settlement agreement, which was incorporated into the parents' dissolution of marriage judgment, that concerned the payment of his college expenses. Prior to the closing arguments in his case, the First District Appellate Court issued its *Petersen* decision. *Spircoff*, 2011 IL App (1st) 103189, ¶ 5. The settlement agreement provided that "[e]ach of the parties shall contribute to the trade school or college and professional school education expenses of their child in accordance with section 513." (Internal quotation marks omitted.) *Id.* ¶ 6. Similar to the trial court here, the trial court in *Spircoff* concluded that the language of the settlement agreement was a reservation of the issue of contribution for college expenses and not an enforceable obligation, as argued by the third-party beneficiary, because it "failed to describe a sum certain or a percentage obligation of either party for the Court to enforce and reserves that determination for a future hearing pursuant to 513 of the Act." (Internal quotation marks omitted.) *Id.*

¶ 16    The *Spircoff* court distinguished its case from *Petersen*. First, in *Spircoff*, "the obligation of the parties for educational expenses was clearly and affirmatively stated and was not expressly reserved," even though the actual allocation of the expenses was not made when the judgment for dissolution was entered. *Id.* ¶ 17. In contrast, that the dissolution judgment in *Petersen* expressly reserved the issue for the trial court to decide. *Id.* ¶ 20. The *Spircoff* court found support for this distinction in *Orr v. Orr*, 228 Ill. App. 3d 234, 239 (1992), and *In re Marriage of Albiani*, 159 Ill. App. 3d 519, 526-27 (1987), wherein the settlement agreements contained provisions obliging the parties to pay for college or postgraduate expenses. *Orr*, 228 Ill. App. 3d at 239; *Albiani*, 159 Ill. App. 3d at 522. The fact that the settlement agreement in *Spircoff* did not set a dollar amount or some basis for determining contributions did not alter the court's decision, as it noted that contributions could always be settled by the trial court, which retained jurisdiction to make specific allocations for those contributions. *Spircoff*, 2011 IL App (1st) 103189, ¶ 20. Accordingly, the court found that the holding in *Petersen* did not bar the action by the third-party beneficiary to retroactively enforce the provision of his parents' settlement agreement related to the payment of educational expenses, "where such payment of such expenses was not expressly reserved for future consideration by the trial court in the initial proceedings." *Id.* ¶ 23.

¶ 17    We agree with Joyce that *Spircoff* is factually similar to this case and supports her arguments on appeal. Here, unlike in *Petersen*, the parties' settlement agreement, which was incorporated into the judgment for dissolution, contained neither a reservation clause on the issue of college and postgraduate expenses nor any reference to section 513; rather, it affirmatively assigned responsibility to both parties for Tiffany's college and postgraduate expenses, and therefore any order entered pursuant to Joyce's petition would not "adjust, change or alter" this obligation as set forth in the settlement agreement's plain language. See *id.* ¶ 16. As noted in *Spircoff*, it is inconsequential that the settlement agreement did not set a dollar amount or some basis for determining contributions, since contributions could always be settled by the trial court. Thus, we find that Joyce is not barred from retroactively seeking to enforce the provision of the settlement agreement related to responsibility for

Tiffany's college and postgraduate expenses. Accordingly, we reverse the trial court's order granting summary judgment in James's favor and remand the cause to the trial court.

¶ 18        Reversed and remanded.