# Illinois Official Reports

## Appellate Court

*In re Former Marriage of Donnelly*, 2015 IL App (1st) 142619

| | |
|---|---|
| Appellate Court Caption | *In re* FORMER MARRIAGE OF JOSEPH DIXON DONNELLY, Plaintiff-Appellee, v. RENEE ELIZABETH DONNELLY, Respondent-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-14-2619 |
| Filed | June 12, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 93-D-3738; the Hon. Raul Vega, Judge, presiding. |
| Judgment | Certified question answered in the negative. |
| Counsel on Appeal | Paul L. Feinstein, of Chicago, for appellant.<br><br>Gregory F. Ladle, of Chicago, for appellee. |
| Panel | JUSTICE REYES delivered the judgment of the court, with opinion.<br>Presiding Justice Palmer and Justice McBride concurred in the judgment and opinion. |

**OPINION**

¶ 1     This permissive interlocutory appeal pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010) by petitioner Joseph Dixon Donnelly (Joseph) requests this court to consider a question certified by the circuit court of Cook County regarding the application of the holding in *In re Marriage of Petersen*, 2011 IL 110984. Joseph's former wife, respondent Renee Elizabeth Donnelly (Renee), filed a series of petitions seeking that Joseph pay a proportionate share of college expenses for the parties' four children after the children graduated from college. The circuit court denied Joseph's motion to dismiss the most recent of these petitions, but certified the following question for our review:

> "Does the holding in *Petersen*, 2011 IL 110984, preclude the court from ordering a parent to reimburse the other parent for college expenses allegedly paid prior to the date the petition is filed, whenever the parties' Judgment for Dissolution of Marriage does not order a specific dollar amount or percentage to be paid but leaves the amount to be determined at a later date?"

¶ 2     We granted Joseph's petition for leave to appeal and answer the certified question in the negative.

¶ 3                                        BACKGROUND

¶ 4     Joseph and Renee were married on June 4, 1977, and had four children during their marriage. On June 25, 1996, the circuit court entered a judgment for dissolution of the parties' marriage, which incorporated the terms of the parties' marital settlement agreement (agreement). Article 6, section 6.1, of the agreement provided in part:

> "Pursuant to Section 513 of the Illinois Marriage and Dissolution of Marriage Act or any amendment thereto, the parties covenant and agree that they shall pay for a trade school, vocational school, college or university education for the children of the parties, which obligation is predicated upon the scholastic aptitude of each child. The extent of the parties' obligation hereunder shall be based upon their then respective financial conditions. Decisions affecting the education of the children, including the choice of the school to be attended[,] shall be made jointly by the parties and shall consider the expressed preference of the child in question, and neither party shall unreasonably withhold his or her consent to the expressed preference of the child in question. In the event the parties are unable to agree upon the school to be attended or upon any of the foregoing, then a court of competent jurisdiction shall make the determination upon proper notice and petition."

Section 6.2 of the agreement placed certain conditions on the parties' obligations under section 6.1, none of which are relevant to this appeal. Section 6.3 of the agreement required Joseph to maintain accounts for each child's college or trade school expenses. Section 6.4 of the agreement acknowledged that the parties had obtained United States savings bonds to be used to pay further college or trade school expenses.

¶ 5     On July 3, 2013, Renee filed a petition for sanctions against Joseph. Renee alleged that following the depletion of the funds mentioned in sections 6.3 and 6.4 of the agreement, she spent in excess of $100,000 for the educational expenses of the children from 1998 through the present date. Renee also alleged that she made repeated requests for contribution from Joseph

regarding these expenses, but Joseph, with the exception of certain nominal contributions, failed to comply with these requests. Renee contended that Joseph was thereby refusing to comply with the judgment of dissolution of marriage and article 6 of the agreement. She sought an order requiring Joseph to contribute a proportionate share of the children's educational expenses, plus attorney fees incurred as a result of Joseph's willful refusal to comply with the judgment of dissolution.

¶ 6     On August 5, 2013, Joseph filed a motion to strike the petition for sanctions pursuant to section 2-619.1 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2012)), arguing: (1) supreme court decision in *Petersen* limited the retroactive payment of college expenses to the filing date of the petition; (2) sanctions were barred by the doctrine of *laches*; (3) the agreement contained conditions precedent that Renee failed to satisfy; and (4) Renee failed to mention that Joseph contributed $70,000 toward the education of the children.

¶ 7     On September 13, 2013, Renee filed an amended petition for educational expenses and sanctions (amended petition), which was substantially similar to the initial petition, but which also sought a rule to show cause against Joseph for his willful failure to pay the educational expenses. On October 3, 2013, Joseph filed a motion to strike and dismiss the amended petition, which was substantially similar to Joseph's motion to strike the initial petition, but which also sought to dismiss the amended petition with prejudice. On November 13, 2013, Renee filed a response to Joseph's motion to dismiss the amended petition, arguing that she was seeking enforcement rather than modification of the judgment for dissolution. Renee cited *In re Marriage of Spircoff*, 2011 IL App (1st) 103189, in support of her argument. On November 27, 2013, Joseph filed a reply in support of his motion to dismiss the amended petition, arguing in part that the discussion of the *Petersen* issue in *Spircoff* was *dicta* and could not be the basis for Renee's petition.

¶ 8     On December 5, 2013, the circuit court denied Joseph's motion to dismiss based on affirmative matters pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2012)), but granted the motion to dismiss pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2012)), for failure to state a claim upon which relief could be granted. The circuit court also granted Renee leave to file a second amended petition within 28 days.

¶ 9     On January 3, 2014, Renee filed a third petition, entitled "Petition to Allocate College Expenses" (third petition). The petition alleged the parties' children attended college "at various points" from 1998 through 2012. Renee again sought a proportionate share of the educational expenses, minus any credits due Joseph, based on each party's financial resources. On January 30, 2014, Joseph filed a motion to strike and dismiss the third petition, raising substantially similar arguments to those raised in his motions to dismiss Renee's earlier petitions. Thereafter, Renee filed a response in support of her third petition, raising substantially similar arguments to those raised in support of her previous petitions.[1] On April 4, 2014, Joseph filed a reply in support of his motion to strike and dismiss, raising substantially similar arguments to those raised in support of his prior motions to dismiss.

¶ 10    On August 18, 2014, following a hearing on the matter, the circuit court entered an order denying Joseph's motion to strike and dismiss the third petition. The circuit court also determined the order involved a question of law as to which there was substantial ground for a

---

[1]The date stamp for this document is not legible in the supporting record submitted by Joseph.

difference of opinion and that an immediate appeal could materially advance the termination of the litigation. Accordingly, the circuit court certified the following question:

> "Does the holding in *Petersen*, 2011 IL 110984, preclude the court from ordering a parent to reimburse the other parent for college expenses allegedly paid prior to the date the petition is filed, whenever the parties' Judgment for Dissolution of Marriage does not order a specific dollar amount or percentage to be paid but leaves the amount to be determined at a later date?"

On August 23, 2014, Joseph filed an application for leave to appeal pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010). On October 2, 2014, this court granted Joseph's application for leave to appeal.

¶ 11                                ANALYSIS

¶ 12       Our scope of review is governed by Illinois Supreme Court Rule 308(a) (eff. Feb. 26, 2010), which provides an avenue of permissive appeal for interlocutory orders where the trial court has deemed that they involve a question of law as to which there is substantial ground for difference of opinion and where an immediate appeal from the order may materially advance the ultimate termination of the litigation. Our review is generally limited to the question certified by the trial court, which, because it is a question of law and not fact, is reviewed *de novo*. *Spircoff*, 2011 IL App (1st) 103189, ¶ 8. We also note the question of law in this case involves the obligations of the parties for their children's college expenses as set forth in article 6 of their agreement, which was incorporated into the judgment for dissolution. "It is well established that the parties in a dissolution proceeding may voluntarily settle their property interests." *In re Marriage of Holderrieth*, 181 Ill. App. 3d 199, 206 (1989). "A court should construe the settlement provisions within the dissolution judgment so as to give effect to the intention of the parties." *Id.* at 202. "The parties' intent must be determined from the instrument as a whole and not from any one clause standing alone; meaning and intent must be given every part." *Id.* The interpretation of a marital settlement agreement is reviewed *de novo* as a question of law. *Blum v. Koster*, 235 Ill. 2d 21, 33 (2009); *In re Marriage of Hendry*, 409 Ill. App. 3d 1012, 1017 (2011).

¶ 13       Joseph argues that Renee does not simply seek the enforcement of article 6 of their agreement, but instead seeks a modification of his child support obligations. Joseph contends that the facts in this case are analogous to those in *Petersen*, in which our supreme court ruled the parties had reserved the issue of any parental obligation for the children's college expenses and ultimately held that section 510 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/510 (West 2006)) prohibited the mother from seeking contribution from the father for college expenses that predated the filing of her petition. See *Petersen*, 2011 IL 110984, ¶¶ 14-25. Accordingly, we first turn to consider section 510 of the Act and the decision in *Petersen*.

¶ 14       "Section 510 [of the Act] provides the statutory framework for modifications ***." *Id.* ¶ 10. The statute allows for prospective modifications only, stating: "Except as otherwise provided ***, the provisions of any judgment respecting maintenance or support may be modified only as to installments accruing subsequent to due notice by the moving party of the filing of the motion for modification." 750 ILCS 5/510(a) (West 2012).

- 4 -

¶ 15 In *Petersen*, our supreme court considered whether a father was required to contribute to his children's college expenses under the judgment decree, which stated in relevant part:

> " 'The Court expressly reserves the issue of each party's obligation to contribute to the college or other education expenses of the parties' children pursuant to Section 513 of the Illinois Marriage and Marriage Dissolution Act.' " *Petersen*, 2011 IL 110984, ¶ 4.

Years after the divorce decree was entered, the wife filed a petition for contribution from her ex-husband for their children's college expenses. See *id.* ¶ 5. The circuit court ordered the husband to pay a certain amount of the expenses, including those that predated the filing of the petition. *Id.* ¶ 6. The appellate court reversed in part, holding that the petition sought to modify the parties' divorce decree and that, under section 510 of the Act, the court could not order the husband to pay college expenses that predated the filing of the petition. *Id.* ¶ 7.

¶ 16 On appeal, our supreme court agreed that "support could not be ordered for expenses which predated the filing of [the mother's] petition." *Id.* ¶ 18. The *Petersen* court observed that prior to the filing of the mother's petition, the father had no concrete obligation to provide for additional educational expenses under the decree. *Id.* The court interpreted the parties' divorce decree as doing "nothing more than maintain[ing] the status quo between the parties with respect to the issue of college expenses by not making an award at that time." *Id.* ¶ 17. Thus, the mother's petition for expenses incurred in the past "sought to change the status quo *** and alter [the father's] obligations under the decree," thereby bringing the request "within the purview of section 510." *Id.* ¶ 18. Our supreme court noted that "Illinois decisional law has since 1986 consistently regarded the actions taken pursuant to reservations clauses to be modifications under section 510 subject to the prohibition of retroactive support." *Id.* ¶ 22.

¶ 17 Renee, however, argues that *Petersen* only applies where the parties have reserved the issue of college expenses, not where the judgment of dissolution established a party's duty to contribute to such expenses. She observes that in article 6 of the agreement at issue, both parties expressly "covenant[ed] and agree[d] that they shall pay for a trade school, vocational school, college or university education for the children of the parties," with the extent of the obligation to depend on the parties' respective financial status. Renee relies on this court's decision in *Spircoff* as persuasive authority in support of her argument.

¶ 18 In *Spircoff*, a third-party beneficiary brought a breach of contract action to enforce a provision of his parents' marital settlement agreement, which concerned the payment of his college expenses. *Spircoff*, 2011 IL App (1st) 103189, ¶ 5. The provision stated: " '[e]ach of the parties shall contribute to the trade school or college and professional school education expenses of their child in accordance with Section 513 in the Illinois Marriage and Dissolution of Marriage Act.' " *Id.* ¶ 6. The trial court certified the following question for review:

> " 'If the ruling in *Petersen* bars a party from contribution from a former spouse from contribution for college expenses incurred prior to the date of filing of a petition brought pursuant to 750 ILCS 5/513, does the same bar to retroactive relief for college expenses incurred prior to the filing date apply to a petition brought by a third[-]party beneficiary to enforce a provision of his parents['] marital settlement agreement to contribute to his college education[?]' " *Id.* ¶ 1.

The appellate court concluded that *Petersen* was inapplicable in *Spircoff* because it was "an action by a third-party beneficiary seeking enforcement of the provisions of a marital settlement agreement, which is, by nature, a breach of contract action, and not an action to

modify a section 513 order." *Id.* ¶ 21. The *Spircoff* court, however, also found the marital settlement agreement before it was distinguishable from the one at issue in *Petersen* because "the obligation of the parties for educational expenses was clearly and affirmatively stated and was not expressly reserved." *Id.* ¶ 17. Accordingly, the *Spircoff* court answered the certified question in the negative, "finding that the holding in *Peters[e]n* does not bar an action by a third-party beneficiary to retroactively enforce a provision of his or her parents' marital settlement agreement related to payment of educational expenses where such payment of such expenses was not expressly reserved for future consideration by the trial court in the initial proceedings." *Id.* ¶ 23.

¶ 19       Joseph contends the discussion of *Petersen* in *Spircoff*, particularly the comparison of the marital settlement agreements, was *dictum* outside the scope of the question certified in *Spircoff*. See *Walker v. Ware*, 2013 IL App (1st) 122364, ¶ 15 (quoting *Apollo Real Estate Investment Fund, IV, L.P. v. Gelber*, 398 Ill. App. 3d 773, 778 (2009)); *Spircoff*, 2011 IL App (1st) 103189, ¶ 8. Our supreme court distinguishes between judicial *dictum* and *obiter dictum*. See *Cates v. Cates*, 156 Ill. 2d 76, 80 (1993). *Obiter dicta*, even of the supreme court, are not binding authority, although they may be persuasive. *Id.* An expression of opinion upon a point in a case argued by counsel and deliberately passed upon by the court, however, is a judicial *dictum* entitled to great weight and should be followed unless found to be erroneous. *Id.*

¶ 20       A review of the decision in *Spircoff* discloses that the comparison of the marital settlement agreements may not have been necessary to answer the certified question. Moreover, the decision in *Spircoff* does not indicate whether the application of *Petersen* was argued by counsel or merely assumed by the terms of the certified question. Nevertheless, it is notable that the appellate court's decision was based on the distinction between the enforcement of a marital settlement agreement and an action to modify a section 513 order. *Spircoff*, 2011 IL App (1st) 103189, ¶ 21.

¶ 21       Even assuming the *Spircoff* court's comparison of the marital settlement agreements was *obiter dictum*, this court found *Spircoff* to be persuasive authority in an appeal not involving a certified question. *In re Marriage of Koenig*, 2012 IL App (2d) 110503. In *Koenig*, the marital settlement agreement incorporated into the 1993 judgment of dissolution provided: " '[t]he Husband and Wife shall pay for university, college or post-graduate school education for [their daughter] herein based on their respective financial abilities and resources at said time.' " *Id.* ¶ 5. In 2010, the wife filed a petition for contribution, seeking reimbursement for educational expenses that she had paid on behalf of her daughter. *Id.* ¶ 6. The circuit court, citing *Petersen*, granted the husband's motion for summary judgment. *Id.* ¶ 7.

¶ 22       On appeal, the *Koenig* court reversed the judgment of the circuit court. *Id.* ¶ 17. The appellate court noted that the case was factually more similar to *Spircoff* and was distinguishable from *Petersen*. *Id.* The court observed:

        "[T]he parties' settlement agreement, which was incorporated into the judgment for dissolution, contained neither a reservation clause on the issue of college and postgraduate expenses nor any reference to section 513; rather, it affirmatively assigned responsibility to both parties for [their daughter's] college and postgraduate expenses, and therefore any order entered pursuant to [the wife's] petition would not 'adjust, change or alter' this obligation as set forth in the settlement agreement's plain language. [Citation.] As noted in *Spircoff*, it is inconsequential that the settlement

agreement did not set a dollar amount or some basis for determining contributions, since contributions could always be settled by the trial court." *Id*. ¶ 17.

Accordingly, the *Koenig* court held that the wife was "not barred from retroactively seeking to *enforce* the provision of the settlement agreement" providing for the parties' obligations for their daughter's college expenses. (Emphasis added.) *Id*.

¶ 23 In this case, section 6.1 of the agreement refers to section 513 of the Act, but this reference is not determinative of the issue on appeal. The marital settlement agreement in *Spircoff* also referred to section 513 of the Act. *Spircoff*, 2011 IL App (1st) 103189, ¶ 6. We are obliged to read the agreement of the parties as a whole. *Holderrieth*, 181 Ill. App. 3d at 202. The agreement incorporated into the judgment of dissolution in this matter not only expressly imposed the obligation to pay on both parties, but also provided that any disagreement over the respective shares to be paid would be submitted to a court of competent jurisdiction upon proper notice and petition. Reading section 6.1 of the agreement as a whole, we conclude both parties agreed to pay the educational expenses and that any disagreement regarding the scope of the parties' respective obligations could be submitted for judicial determination.

¶ 24 The language of the agreement in this case, similar to the marital settlement agreements in *Spircoff* and *Koenig*, expressly obligated the parties to pay for a trade school, vocational school, college or university education for the children of the parties. *Koenig*, 2012 IL App (2d) 110503, ¶ 17; *Spircoff*, 2011 IL App (1st) 103189, ¶ 17. The language of the agreement is thus similarly distinguishable from the express judicial reservation of the issue of the parties' obligation presented in *Petersen*. See *Petersen*, 2011 IL 110984, ¶ 4.[2] "[I]t is inconsequential that the settlement agreement did not set a dollar amount or some basis for determining contributions, since contributions could always be settled by the trial court." *Koenig*, 2012 IL App (2d) 110503, ¶ 17; see *Spircoff*, 2011 IL App (1st) 103189, ¶ 17.

¶ 25 Lastly, Joseph cites a number of cases addressing the jurisdiction of the appellate court. See, *e.g.*, *In re Marriage of Iqbal*, 2014 IL App (2d) 131306, ¶ 19 (order reserving maintenance for unstated length of time was the "equivalent" to setting the amount of maintenance at zero until further order of the court and was immediately enforceable and appealable); *In re Marriage of Jensen*, 2013 IL App (4th) 120355, ¶ 44 (circuit court's reservation of maintenance for a short period of time demonstrated a lack of finality in the court's resolution of the issue); *In re Marriage of Susman*, 2012 IL App (1st) 112068, ¶¶ 13-16 (and cases cited therein) (a dissolution judgment is not final for purposes of appeal until all the ancillary issues have been resolved). These cases involved the reservation of various issues for later determination by the circuit court, whereas this case does not, for the reasons already stated. Moreover, Joseph fails to explain why the jurisdictional question of whether a judgment

---

[2]The language of the agreement in this appeal is also distinguishable from the terms of the dissolution decree at issue in *In re Support of Pearson*, 111 Ill. 2d 545 (1986), which merely provided that " 'either party may file an appropriate petition seeking financial contribution' " for college expenses pursuant to section 513, without expressly stating that either party was obligated to pay such expenses in the first instance. *Id*. at 547. The *Pearson* court observed the clause at issue was "clearly not an express agreement obligating either party to pay specific expenses. The clause does no more than to reserve until a later date the question of educational expenses under section 513." *Id*. at 551. Joseph additionally cited *Nerini v. Nerini*, 140 Ill. App. 3d 848 (1986), in which no support was ordered in the first instance. The *Nerini* court also specifically declined to consider the applicability of section 513 of the Act. *Id*. at 856.

was immediately enforceable would be determinative or persuasive in an interlocutory appeal Joseph sought pursuant to Rule 308.

¶ 26 Insofar as Joseph's citation of *Jensen* and *Susman* is intended to argue the judgment for dissolution was not final and appealable, it is instructive to discuss *In re Marriage of Chee*, 2011 IL App (1st) 102797, which Joseph's brief cited in passing without discussion. In *Chee*, the petitioner filed for dissolution of marriage on December 4, 2008. *Id.* ¶ 2. The respondent, however, answered that their marriage was never legally valid because he was married to another two months before the parties' marriage and that the bigamous marriage to petitioner should be declared null and void. *Id.* The petitioner then filed a motion for summary judgment requesting that the court either dissolve the marriage or declare it void, but hold respondent responsible for one-third of all past, current, and future educational expenses of the children pursuant to section 513(a)(2) of the Act (750 ILCS 5/513(a)(2) (West 2008)). *Chee*, 2011 IL App (1st) 102797, ¶ 3. The trial court subsequently voided the marriage on May 5, 2010, but retained jurisdiction over the petition, children and respondent under section 513(a) (750 ILCS 5/513(a) (West 2008)). *Chee*, 2011 IL App (1st) 102797, ¶ 3. On June 1, 2010, petitioner filed a second petition, entitled " 'Petition for Section 513 College Support,' " and again requested one-third of the children's college expenses. *Id.* ¶ 4. The parties' son had graduated in May 2008, prior to the filing of the petition for dissolution of marriage, and their daughter graduated in May 2009, while the petition was pending. *Id.* The respondent filed a motion to dismiss, contending that the Act should be construed as depriving the trial court of authority to adjudicate educational expenses as soon as each child graduated from college, and the trial court granted the motion. *Id.* ¶ 5.

¶ 27 On appeal, the *Chee* court noted that the appellate court decision in *Petersen* did not preclude adjudication of the petition for educational costs, because unlike *Petersen*, where the petition was filed eight years after final judgment in the dissolution case, no final judgment had been entered in the pending case.[3] *Id.* ¶ 17. Additionally, the court noted that while the children's college expenses slightly predated the petition for dissolution, they could have properly been considered during the pendency of the suit contemporaneously with other ancillary issues. *Id.*

¶ 28 In this case, to the extent Joseph suggests the judgment of dissolution was not final and appealable, *Petersen* does not preclude the enforcement of the agreement in this case. See *id.* Joseph, however, also cites *Iqbal*, in which this court determined an order reserving maintenance for unstated length of time was the "equivalent" to setting the amount of maintenance at zero until further order of the court and therefore was immediately enforceable and appealable. *Iqbal*, 2014 IL App (2d) 131306, ¶ 19. In *Iqbal*, the trial court stated that although the children required additional child support and the mother deserved maintenance, the father's low income prevented the trial court from ordering higher support payments. *Id.* ¶ 11. The appellate court's characterization of the order entered in *Iqbal* thus may have been

---

[3]The appellate court decision in *Petersen* held the petition for allocation of college expenses in that case was in the nature of a modification of child support under section 510 of the Act and the trial court thus erred when it ordered payment of college expenses that predate the notice of filing as provided in section 510(a). *Petersen v. Petersen*, 403 Ill. App. 3d 839, 846 (2010), *aff'd in part & rev'd in part sub nom. In re Marriage of Petersen*, 2011 IL 110984.

accurate, but it is inapplicable in this case, where the trial court has not reached the point of allocating the educational expenses pursuant to Renee's petition.

¶ 29 In short, the parties entered into a settlement agreement obligating them to pay for a trade school, vocational school, college or university education for their children, with the extent of the parties' obligation to be based upon their then respective financial conditions. The parties also agreed that any dispute over the ultimate scope of the parties' obligation was subject to a judicial resolution upon a proper petition and notice. Renee petitioned the circuit court for a resolution of such a dispute. Renee is thus seeking to enforce the settlement agreement incorporated in the judgment for dissolution and has not sought to alter the obligations to which Joseph agreed (*i.e.*, to pay based upon the parties' then respective financial conditions and to submit any disagreement for adjudication). Under such circumstances, the holding in *Petersen*, 2011 IL 110984, does not preclude the circuit court from ordering a parent to reimburse the other parent for college expenses allegedly paid prior to the date the petition is filed, even where the parties' judgment for dissolution does not order a specific dollar amount or percentage to be paid but leaves the amount to be determined at a later date. See *Koenig*, 2012 IL App (2d) 110503, ¶ 17; *Spircoff*, 2011 IL App (1st) 103189, ¶ 17; *Holderrieth*, 181 Ill. App. 3d at 207.

¶ 30                                                    CONCLUSION

¶ 31         Certified question answered in the negative.